HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN MARCOS-CHAVELA,

    Plaintiff,

v.

UNTED STATES SUPREME COURT,

    Defendants.

CASE No. 2:22-cv-00976-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** Plaintiff's complaint with prejudice.

On July 14, 2022, Plaintiff filed a complaint in this action, naming the "United States Supreme Court" as Defendant. Dkt. 1, 5. Plaintiff's claims and request for relief are difficult to decipher, but she appears to allege that the Court does not possess a quorum and lied to Congress. Dkt. 5 at 3-5. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. 1. On July 19, 2022, the Honorable S. Kate Vaughan granted the application while recommending review under 28 U.S.C. § 1915(e)(2)(B). Dkt. 4.

## II. DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the Court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Taking all allegations in the light most favorable to the Plaintiff, the Court finds that the Complaint fails to state a claim upon which relief may be granted. Her allegations that the Supreme Court lied to Congress and does not have a quorum are factually unsupported and insufficient to state a claim. Dkt. 5 at 3-5. Further, to the

extent that Plaintiff brings a claim against any particular Justice of the United States Supreme Court acting in his or her judicial capacity, such claim must fail, as judicial officers are entitled to judicial immunity, which provides immunity from suit and cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (first citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); then citing *Pierson v. Ray*, 386 U.S. 547, 544 (1967)). Although *pro se* litigants are given more leeway than licensed attorneys when assessing their pleadings, they must still adhere to the Federal Rules of Civil Procedure. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Plaintiff simply does not state a plausible claim for which any type of relief could be granted by this Court, and there is no reasonable basis for concluding that the deficiencies in the proposed complaint could be cured by amendment. Therefore, the Court dismisses the complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.   CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED** with prejudice.

DATED this 26th day of July, 2022.

*Richard A. Jones*
HON. RICHARD A. JONES
United States District Judge

ORDER - 3